1  McGREGOR W. SCOTT
   United States Attorney
2  STANLEY A. BOONE
   Assistant U.S. Attorney
3  2500 Tulare Street
   Fresno, California 93721
4  Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:06-CR-00292-AWI |
| Plaintiff, | PROTECTIVE ORDER REGARDING CLASSIFIED INFORMATION |
| v. | |
| AMEN AHMED ALI, | |
| Defendant. | |

This matter comes before the Court upon the Government's Motion for Protective Order to prevent the unauthorized disclosure or dissemination of classified national security information which will be reviewed or made available to the defendant's counsel by the government during the prosecution of this case. Pursuant to the authority granted under Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. III (2000) ("CIPA"); the Security Procedures Established Pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (the "Security Procedures"); Rules 16(d) and 57 of the Federal Rules of Criminal Procedure; the general supervisory authority of the Court; and in order to protect the national security, the following Protective Order is entered:

    1.    The court finds that this case will involve information

that has been classified in the interest of national security. The storage, handling, and control of this information will require special security precautions mandated by statute, executive order, and regulation, and access to which requires the appropriate security clearances. The purpose of this Protective Order is to establish procedures that must be followed by counsel and the parties in this case. These procedures will apply to all pretrial, trial, post-trial, and appellate matters concerning classified information and may be modified from time to time by further order of the Court acting under its inherent authority to ensure the proceedings in this care are fair and expeditious:

    2. Definitions. The following definitions shall apply to this Order:

a. "Classified information" shall mean:

    i. any document or information which has been classified by any executive agency in the interests of national security or pursuant to Executive Order 13292 as "confidential," "secret," "top secret," or "sensitive compartmented information."

    ii. any document or information now or formerly in the possession of a private party which (A) has been derived from information from the United States government that was classified, and (B) has been subsequently classified by the United States pursuant to Executive Order 13292 as "confidential," "secret," "top secret," or "sensitive compartmented information,"

    iii. verbal classified information known to counsel for the defendant, or

    iv. any information, regardless of place of origin and including "foreign government information," as that term is defined in Executive Order 13292, that could reasonably be believed to contain classified information, or that refers to national security or intelligence matters.

b. "Documents" shall mean any material containing information. The term "document" shall include, without limitation, written or printed matter of any kind, including originals, conforming copies, and non-informing copies (e.g., a copy of an original with an added notation). The term "document" shall also include, without limitation, letters, reports, summaries, memoranda, notes, communications, telexes, cables, telecopies, telegrams, facsimiles, e-mails, sound recordings of any kind, microfilms, reports, photographs, charts, graphs, maps, invoices, accountings, worksheets, bulletins, transcripts, and messages, as well as alterations, amendments, modifications, and changes of any kind to the forgoing, as well as information acquired orally; and all recordings of information on magnetic, electronic, or optical media (including, but not limited to, those on CD-ROM), typewriter ribbons, films, and all manner of electronic data processing storage..

c. "Access to classified information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner any classified information.

d. "Secure area" means a facility accredited by a Court Security Officer for the storage, handling and control of classified information.

3. Information in the public domain is ordinarily not classified. However, if such classified information is reported in the press or otherwise enters the public domain, such information does not lose its classified status merely because it is in the public domain. The information may be considered as classified and subject to the provisions of CIPA if it is

confirmed as being classified by any person who has, or has had, such access to classified information and that confirmation corroborated the information in question. Any attempt by the defense to have such information confirmed or denied at trial or in any public proceeding in this case shall be governed by CIPA and all provisions of this Protective Order.

4. All classified documents and information contained therein shall remain classified unless the documents bear a clear indication that they have been declassified by the agency or department that is the originating agency of the document or the information contained therein (hereinafter, the "originating agency").

5. In accordance with the provisions of CIPA and the Security Procedures, the Court designates James P. Londergan, as Court Security Officer for this case, and Christine E. Gunning, Michael P. Macisso, Daniel O. Hartenstine, Erin E. Hogarty, Jennifer H. Campbell, Nathaniel A. Johnson, Miguel A. Ferrer, Charline A. DaSilva, Barbara J. Russell, and Joan B. Kennedy, as alternate Court Security Officers, for the purpose of providing security arrangements necessary to protect from unauthorized disclosure any classified information or documents to be made available in connection with this case. Defense counsel shall seek guidance from the Court Security Officer with regard to appropriate storage, handling, transmittal, and use of classified information.

6. The Court has been advised that the United States Attorney, McGregor Scott, the Assistant United States Attorneys overseeing or assigned to this case, Stanley A. Boone, xxxx,

ssss, and Department of Justice attorneys John J. Dion and Clifford I. Rones, all have the requisite security clearances to have access to the classified documents and information that relate to this case. All references to government attorneys, or attorneys for the government, as used in this Order, refer only to the attorneys listed in this paragraph. Any other government attorneys who may in the future participate in the litigation of any part of this matter (or supervise such litigation) will have appropriate security clearances.

7. The defendant's counsel, David A. Torres, shall be given access to classified national security documents and information as required by the government's discovery obligations and as necessary to prepare for proceedings in this case, in accordance with the terms of this Protective Order, and any other orders pursuant to CIPA, and upon receipt of the appropriate security clearance. Any additional person whose assistance the defense reasonably requires may only have access to classified information in this case after obtaining from the Court -- with prior notice to the government -- an approval for access to the appropriate level of classification on a need-to-know basis, and after satisfying the other requirements described in this Protective Order for access to classified information. The substitution, departure, or removal for any reason from this case of defense counsel or anyone associated with the defense as an employee or witness or otherwise, shall not release that person from the provisions of this Protective Order or the Memorandum of Understanding executed in connection with this Protective Order.

8. Before any person (not including government counsel and

appropriately cleared Court personnel, Department of Justice employees, and personnel of the originating agencies) may have access to classified national security information that may be involved in this case, he or she must also sign and swear to the Memorandum of Understanding ("MOU") appended to this Protective Order. Each person executing the MOU must file an executed original with the Court and in addition must provide an executed original to the Court Security Officer.

9. The Court Security Officer shall arrange for an appropriately approved secure area for the use of defense counsel. The Court Security Officer shall establish procedures to assure that the secure area is accessible to defense counsel during normal business hours and at other times on reasonable request as approved by the Court Security Officer. The secure area shall contain a separate working area for the defense, and will be outfitted with any secure office equipment requested by the defense that is reasonable and necessary to the preparation of the defense. The Court Security Officer, in consultation with defense counsel, shall establish procedures to assure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information. No documents containing classified information may be removed from this secure area unless authorized by the Court Security Officer with notice to the Court.

The Court Security Officer shall not reveal to the government the content of any conversations she or he may hear among the defense, nor reveal the nature of documents being reviewed by them, or the work generated by them. In addition,

the presence of the Court Security Officer shall not operate as a waiver of, limit, or otherwise render inapplicable, the attorney-client privilege.

10. <u>Filing of Papers by the Defendant</u>.  Any pleading or document filed by the defendant which defense counsel knows or has reason to believe is classified, or is unsure of the proper classification of the document or pleading, shall be filed under seal with the Court through the Court Security Officer and shall be marked, "Filed in Camera and Under Seal with the Court Security Officer or Designee."  The time of physical submission to the Court Security Officer shall be considered the time of filing.  The Court Security Officer shall promptly examine such pleading or document and determine, in consultation with representatives of the appropriate agencies, whether the document contains classified information.  If the Court Security Officer determines that the pleading or document contains classified information, he or she shall ensure that the portion of the document containing classified information, and only that portion, is marked with the appropriate classification marking and that the document remains under seal.  The Court Security Officer shall immediately deliver under seal to the Court and counsel for the government any such pleading or other document; the Court shall then direct the clerk to enter on the docket sheet the title of the pleading or document, the date it was filed, and the fact that it has been filed under seal with the Court Security Officer.

Any document filed by the defense that the Court Security Officer determines does <u>not</u> contain classified information shall

immediately be unsealed by the Court Security Officer and placed in the public record, unless otherwise sealed by the Court.

11. <u>Filing of Papers by the United States</u>. Any pleading or other document filed by the government containing classified information shall be filed under seal with the Court through the Court Security Officer. Such pleadings and documents shall be marked, "Filed In Camera and Under Seal with the Court Security Officer or Designee." The date and time of physical submission to the Court Security Officer shall be considered the date and time of the filing.

12. The Court Security Officer shall maintain a separate sealed record for those materials which are classified. The Court Security Officer shall be responsible for maintaining the secured records for purposes of later proceedings or appeal.

13. <u>Protection of Classified Information</u>. The Court finds that in order to protect the classified information involved in this case, no individual other than counsel for the United States, appropriately cleared Department of Justice employees, personnel of the originating agency, and the defendant's counsel named above shall be allowed to obtain access to classified documents and information unless and until that person has been granted a security clearance by the Department of Justice through the Court Security Officer, and has obtained permission of the Court. No person except counsel for the defendant, shall have access to the classified information involved in this case, unless and until that person, which includes any potential witnesses at trial, shall first have:

　　　a. received from the Court Security Officer the

1  appropriate security clearance for the level of the
2  classified information involved in this litigation; and
3  b.  signed the Memorandum of Understanding, in the form
4  attached hereto, thereby agreeing to comply with the terms
5  of this Protective Order.

6  14.  The signed Memorandum of Understanding shall be filed with the Court.  The substitution, departure, or removal for any reason from this case of counsel for the defense or anyone later cleared and associated with the defense as an employee or witness or otherwise shall not release that individual from the provisions of this Protective Order or the Memorandum of Understanding executed in connection with this Protective Order. Before any person other than counsel for the United States, appropriately cleared Department of Justice employees, and personnel of the originating agency, is permitted by the Court to inspect and review classified national security information, he or she must also sign the attached Memorandum of Understanding.

15.  <u>Access to Classified Information</u>.  In the interest of national security, defendant Ali is excluded from access to classified information.  Counsel for the defendant named above, and any later cleared employees of counsel for the defendant, or cleared defense witnesses, shall have access to classified information only as follows:

a.  All classified information produced by the government to the defense, in discovery or otherwise, and all classified information possessed, created, or maintained by the defense, shall be stored, maintained, and used only in the secure area established by the Court Security Officer.  No classified information shall be maintained by the defense in any other place other than the secure area established by the Court Security Officer.

b. The defense shall have free access to the classified information made available to them in the secure area established by the Court Security Officer and shall be allowed to take notes and prepare documents with respect to those materials.

c. No person, including counsel for the defendant, shall copy or reproduce any classified information in any manner or form, except with the approval of the Court Security Officer or in accordance with the procedures established by the Court Security Officer for the operation of the secure area.

d. All documents prepared by the defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information must be prepared in a secure area on word processing equipment approved by the Court Security Officer. All such documents and associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits) containing classified information shall be maintained in the secure area unless and until the Court Security Officer determines that those documents or associated materials are unclassified in their entirety. None of these materials shall be disclosed to counsel for the United States.

e. The defense shall discuss classified information only with other cleared persons and only within the secure area or in another area authorized by the Court Security Officer. The defense shall not discuss classified information over any standard commercial telephone instruments or office intercommunication systems, including, but not limited to, the internet, or in the presence of any person who has not been granted access to classified information in this case by the Court.

f. The defense shall not disclose, without prior approval of the Court, classified information to any person not authorized pursuant to this Order, except the Court, Court personnel, and the attorneys for the government, who have been identified by the Court Security Officers as having the appropriate security clearances and the need to know that information. Counsel for the United States shall be given an opportunity to be heard in response to any defense request for disclosure to a person not named in this Order. Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the Memorandum of Understanding appended to this Order, and to comply with all terms and conditions of this Order. If preparation of the defense requires that classified information be disclosed to persons not named in this Order, the Court Security Officer shall promptly seek to obtain security clearances for them at the request of defense counsel.

g. If counsel for the United States advises defense counsel that classified information or documents may not be disclosed to the defendant, then defense counsel, employees of

defense counsel, and defense witnesses shall not disclose such information or documents to the defendant without prior concurrence of counsel for the government or, absent such concurrence, prior approval of the Court. Counsel for the government shall be given an opportunity to be heard in response to any defense request for disclosure to the defendant of such classified information.

16. <u>Classified Information Procedures Act</u>. No motion has been made by the defense for the public disclosure of classified information. Procedures for the public disclosure of classified information by the defense shall be those provided in Sections 5 and 6 of CIPA. The court may issue additional Protective Orders as needed.

17. Any unauthorized disclosure of classified information may constitute violations of United States criminal laws. In addition, any violation of the terms of this Order shall be immediately brought to the attention of the Court and may result in a charge of contempt of Court and possible referral for criminal prosecution. Any breach of this Order will also result in the termination of a person's access to classified information. Persons subject to this Order are advised that direct or in direct unauthorized disclosure, retention, or negligent handling of classified documents or information could cause serious damage, and, in some cases, exceptionally grave damage to the national security of the United States, or may be used to the advantage of a foreign nation against the interests of the United States. This Protective Order is to ensure that those authorized to receive classified information in connection with this case will never divulge the classified information disclosed to them to anyone who is not authorized to receive it, without prior written authorization from the originating agency

and in conformity with this Protective Order.

18. All classified documents and information to which the defense (including counsel for the defendant, and any later cleared employee of counsel for the defendant, or cleared defense witnesses) has access in this case is now and will remain the property of the United States. Defense counsel, later cleared defense counsel employees, and cleared defense witnesses shall return all classified information in their possession obtained through discovery from the government in this case, or for which they are responsible because of access to classified information, upon demand of the Court Security Officer. The notes, summaries, and other documents prepared by the defense that do or may contain classified information shall remain at all times in the custody of the Court Security Officer for the duration of this case. At the conclusion of this case, all such notes, summaries, and other documents are to be destroyed by the Court Security Officer in the presence of defense counsel.

19. A copy of this Protective Order shall issue forthwith to defense counsel named herein, who shall be responsible for advising the defendant, defense counsel employees, and defense witnesses of the contents of this Protective Order. Counsel for the defendant, and any other individuals who will be provided access to classified information shall execute the Memorandum of Understanding appended to this Protective Order, and defense counsel shall file executed originals with the Court and the Court Security Officer, and serve executed originals upon the government. The execution and filing of the Memorandum of Understanding are conditions precedent for counsel for the

defendant, or any other person assisting the defense to have access to classified information in this case.

IT IS SO ORDERED.

**Dated:     December 30, 2007**              /s/ Anthony W. Ishii
                                       UNITED STATES DISTRICT JUDGE